**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **WYNTON JOHNSON**, | |
| Plaintiff, | |
| v. | Case No. 1:25-cv-04104 (TNM) |
| **BOW WAVE LLC**, | |
| Defendant. | |

**MEMORANDUM OPINION**

Wynton Johnson brings this discrimination suit against his former employer, Bow Wave LLC. His case boils down to two offensive comments from his supervisor and conclusory claims of differential treatment. Bow Wave removed the action from the Superior Court of the District of Columbia, and now it moves to dismiss. Johnson opposes dismissal and moves to remand the case to Superior Court. Because Johnson's Complaint expressly asserts federal claims, the Court denies his bid to remand. And because none of Johnson's claims is plausible, the Court will dismiss his suit.

**I.**

Johnson's Complaint is bare bones. He alleges that his manager at Bow Wave, Pete Young, made two "offensive and derogatory comments concerning [his] sexual orientation and race." Compl., ECF No. 1-2, at 1. "Specifically, [Young] stated, 'If you stop kissing dirty boys, you wouldn't get sick,' and about a month later commented, 'Oh, are you afraid of the police?'" *Id.* (emphases omitted).

Aside from pleading "verbal harassment," Johnson claims that he "was treated differently from [his] colleagues in a manner that lacked any legitimate justification." *Id.* Johnson's

manager apparently "allow[ed] others to take leave without sufficient accrued hours" but "denied [Johnson] the same flexibility." *Id.* Johnson also alleges that he was "subjected to targeted scrutiny, including being forced to move [his] desk closer to Mr. Young and being required to inform him of [his] whereabouts every time [he] left [his] desk—requirements not imposed on other employees." *Id.*

Johnson now sues pro se. He claims that Bow Wave's "failure to prevent or remedy [Young's] behavior constitutes a violation of [his] rights under Title VII of the Civil Rights Act of 1964, as well as applicable state anti-discrimination laws." *Id.* His Complaint appears to advance claims of disparate treatment, hostile work environment, and retaliation. *See id.* Bow Wave removed the suit from Superior Court, invoking this Court's federal-question jurisdiction. Notice of Removal, ECF No. 1, at 1. The company now moves to dismiss. ECF No. 7. Along with his opposition to that motion, ECF No. 12, Johnson has also filed several motions to remand the case, ECF Nos. 13, 16, 23.

The Court holds that remand is unwarranted—but that dismissal is appropriate. It addresses each issue in turn.

## II.

This Court must remand Johnson's case if it lacks subject-matter jurisdiction. *See* 28 U.S.C. § 1447(c). In removing the case, Bow Wave invoked federal-question jurisdiction. Notice of Removal at 1. The Court has federal-question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on

2

the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (cleaned up).

Federal-question jurisdiction exists here. Even in all its curtness, the Complaint twice invokes federal law. Johnson claims that Bow Wave "violated [his] rights under federal, state, and potentially local anti-discrimination laws." Compl. at 1. A few sentences later, he asserts that Bow Wave's actions constitute "a violation of [his] rights under Title VII of the Civil Rights Act of 1964 . . . ." *Id.* Nothing more is needed. *See Caterpillar Inc.*, 482 U.S. at 392.

Johnson nonetheless urges remand. He insists that his "Complaint asserts exclusively local D.C.-law causes of action" and "contains no federal claim, cites no federal statute, and does not reference Title VII or any federal employment law whatsoever." First Mot. to Remand, ECF No. 13, at 2; *see* Am. Mot. to Remand, ECF No. 23, at 5 (repeating the same assertion).[1] That is flagrantly false—and even raises Rule 11 concerns. *See* Fed. R. Civ. P. 11(b) (requiring attorneys and unrepresented parties to certify in their court filings that their "factual contentions have evidentiary support"); *see also* Fed. R. Civ. P. 11(c) (authorizing courts to impose sanctions). At this stage, the Court will merely deny Johnson's multiple requests for remand. But Johnson should remember that "pro se litigants do not have a license to ignore the Federal Rules of Civil Procedure." *Oviedo v. Wash. Metro. Area Transit Auth.*, 948 F.3d 386, 397 (D.C. Cir. 2020) (cleaned up). And they certainly cannot intentionally mislead the Court.

---

[1] In his reply in support of the third motion to remand, Johnson for the first time argues that Bow Wave's removal was untimely. *See* Pl.'s Reply, ECF No. 27, at 4. He provides no evidence to support that contention. Whatever its (doubtful) merit, that argument comes far too late for the Court to consider it. *See Singletary v. District of Columbia*, 685 F. Supp. 2d 81, 92 (D.D.C. 2010) ("As a general rule, courts should decline to consider arguments raised for the first time in reply."); *see also Harris v. U.S. Dep't of Transp. FMCSA*, 122 F.4th 418, 425 (D.C. Cir. 2024) (holding generally that "the timeliness of removal under section 1446 is a procedural claims-processing rule" that "may be waived or forfeited").

Having dealt with Johnson's remand requests, the Court turns to dismissal.

### III.

In considering a motion to dismiss under Rule 12(b)(6), the Court must determine whether the plaintiff "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up); *see* Fed. R. Civ. P. 12(b)(6). The Court must "treat the complaint's factual allegations as true and must grant the plaintiff[] the benefit of all inferences that can be derived from the facts alleged." *Xia v. Tillerson*, 865 F.3d 643, 649 (D.C. Cir. 2017) (cleaned up). But the Court need not credit "legal conclusions cast in the form of factual allegations." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Assessing whether a claim survives dismissal is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Robinson v. Howard Univ., Inc.*, 335 F. Supp. 3d 13, 21 (D.D.C. 2018) (quoting *Iqbal*, 556 U.S. at 679), *aff'd sub nom.*, *Robinson v. Wutoh*, 788 F. App'x 738 (D.C. Cir. 2019).

Courts hold pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But even pro se litigants must comply with the Federal Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).

\* \* \*

Johnson's Complaint brings disparate treatment, hostile work environment, and retaliation claims. None is viable.

Start with disparate treatment. Title VII forbids employers from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-

2(a)(1); *see Bostock v. Clayton Cnty.*, 590 U.S. 644, 683 (2020) (holding that Title VII extends to sexual orientation). "[T]he two essential elements of a [Title VII] discrimination claim are that (i) the plaintiff suffered an adverse employment action (ii) because of the plaintiff's race, color, religion, sex, [or] national origin . . . ." *Baloch v. Kempthorne*, 550 F.3d 1191, 1196 (D.C. Cir. 2008) (Kavanaugh, J.).

Though the "pleading burden is not great," *Fennell v. AARP*, 770 F. Supp. 2d 118, 127 (D.D.C. 2011) (cleaned up), "[i]f a Title VII plaintiff fails to plead sufficient factual matter to state a discrimination claim that is plausible on its face, then the district court should dismiss the case before discovery," *Chambers v. District of Columbia*, 35 F.4th 870, 878 (D.C. Cir. 2022) (en banc) (cleaned up). "[T]he Court's analysis is the same" under Title VII and the D.C. Human Rights Act. *Elhusseini v. Compass Grp. USA, Inc.*, 578 F. Supp. 2d 6, 10 n.4 (D.D.C. 2008) (collecting cases).

Johnson does not clear this bar. He puts forward two instances of disparate treatment: (1) that Young "allow[ed] others to take leave without sufficient accrued hours" while "den[ying] Johnson] the same flexibility"; and (2) that Young "subjected [him] to targeted scrutiny, including being forced to move [his] desk closer to [him] and being required to inform him of [his] whereabouts every time [he] left [his] desk—requirements not imposed on other employees." Compl. at 1.

The problem with these assertions is that they are too unspecific "to allow a plausible inference that the challenged action[s] w[ere] taken because of" Johnson's race or sexual orientation. *See Joyner v. Morrison & Foerster LLP*, 140 F.4th 523, 530 (D.C. Cir. 2025). Johnson offers no information about the "other employees" who escaped the treatment he allegedly faced. *See* Compl. at 1. The D.C. Circuit has made clear that "it cannot be enough to

simply allege that the plaintiff was treated differently from a 'similarly situated' comparator, without additional allegations showing the comparators are in fact 'similarly situated' in some meaningful respect." *Joyner*, 140 F.4th at 531.  The Complaint's lack of factual detail is fatal. *See, e.g.*, *Rhone v. Rubio*, No. 24-3389 (RC), 2025 WL 3017791, at *8 (D.D.C. Oct. 28, 2025) (dismissing disparate-treatment claim premised on denial of workplace assistance where plaintiff stated that "her White colleagues' requests for assistance were approved" but "allege[d] no facts about, for example, their titles, job duties, or even their office within the Department of State to ground an inference that these individuals were similarly situated comparators" (cleaned up)).

Nor has Johnson properly pleaded a hostile work environment.  To withstand dismissal, he must plausibly allege that Bow Wave subjected him to "discriminatory intimidation, ridicule, and insult . . . that is sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (cleaned up).  "The Supreme Court has made it clear that 'conduct must be extreme to amount to a change in the terms and conditions of employment'"—and that "'isolated incidents (unless extremely serious) will not amount to'" a hostile work environment.  *George v. Leavitt*, 407 F.3d 405, 416 (D.C. Cir. 2005) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)).  To constitute a hostile work environment, the offensive incidents also "must be adequately connected to each other . . . as opposed to being an array of unrelated discriminatory or retaliatory acts." *Baird v. Gotbaum*, 662 F.3d 1246, 1252 (D.C. Cir. 2011) (citation omitted). "[T]his is a difficult claim to successfully advance." *Arnoldi v. Bd. of Trs., Nat'l Gallery of Art*, 557 F. Supp. 3d 105, 120 (D.D.C. 2021), *aff'd*, 2022 WL 625721 (D.C. Cir. Mar. 1, 2022).

Johnson's claim rests on Young's two comments.  *See* Compl. at 1.  Standing alone, those remarks are insufficiently "severe or pervasive" to "create an abusive working

environment." *See Harris*, 510 U.S. at 21 (cleaned up). Nor are the two comments—one seemingly directed at Johnson's sexual orientation, the other at his race, *see* Compl. at 1—sufficiently "connected to each other." *See Baird*, 662 F.3d at 1252. Courts routinely dismiss claims based on scattered remarks like these. *See, e.g.*, *Grays v. Noem*, No. 24-1809 (LLA), 2025 WL 2643421, at *6–7 (D.D.C. Sep. 15, 2025) (dismissing claim where plaintiff was "subjected to two offensive comments" about her ethnicity because those comments were not "sufficiently severe or pervasive" (cleaned up)); *see also George*, 407 F.3d at 416–17 (holding that plaintiff did not establish hostile work environment where she merely alleged "confrontations with her co-workers and . . . that she was thrice told to 'go back where she came from'"). So too here.

End with retaliation—where Johnson is even more off base. Title VII forbids employers from discriminating against their employees for "oppos[ing] any practice made an unlawful employment practice by" Title VII. 42 U.S.C. § 2000e-3(a). "To prove unlawful retaliation, a plaintiff must show: (1) that he opposed a practice made unlawful by Title VII; (2) that the employer took a materially adverse action against him; and (3) that the employer took the action 'because' the employee opposed the practice." *McGrath v. Clinton*, 666 F.3d 1377, 1380 (D.C. Cir. 2012) (footnote omitted). Once again, the same analysis applies under the D.C. Human Rights Act. *See Burrell v. Shepard*, 321 F. Supp. 3d 1, 9 (D.D.C. 2018).

Johnson's retaliation claim is a nonstarter. After all, his Complaint fails to even mention any retaliatory action. All Johnson alleges is that he eventually "disclose[d]" his concerns about discrimination to Bow Wave's owner. Compl. at 2. But he does not relate what happened after. *See id.* His retaliation claim thus lacks an ingredient without which it cannot proceed. *See McGrath*, 666 F.3d at 1380; *see also Robinson*, 335 F. Supp. 3d at 29 (dismissing retaliation

claim where plaintiff "fail[ed] to sufficiently allege a materially adverse action taken because of his protected conduct").

## IV.

Johnson's case falls squarely within this Court's federal-question jurisdiction, but it does not state any plausible claim to relief. The Court will thus dismiss the action without prejudice. A separate Order will follow.[2]

Dated: June 4, 2026                           TREVOR N. McFADDEN, U.S.D.J.

---

[2]  The Court also denies the parties' various motions for leave to file sur-replies because none are warranted here.  ECF Nos. 15, 23, 28; *see Akers v. Beal Bank*, 760 F. Supp. 2d 1, 3 (D.D.C. 2011) ("[T]he decision to grant or deny leave to file a Surreply is committed to the sound discretion of the court." (cleaned up)).